UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff/Respondent, | ) ) | |
| v. | ) ) | No. 6:11-CR-15-GFVT-HAI-2 |
| EDDIE RAY WILBURN, | ) ) ) | RECOMMENDED DISPOSITION & ORDER |
| Defendant/Movant. | ) ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On June 5, 2012, a federal jury found Defendant Eddie Ray Wilburn guilty of three counts under 28 U.S.C. § 846 involving a conspiracy to manufacture and distribute methamphetamine and two counts of possessing equipment to manufacture controlled substances, 21 U.S.C. § 843. D.E. 504, 659. He received a 360-month sentence, including 240-month terms on the possession of equipment offenses. D.E. 659 at 3. Wilburn appealed, his appeal was consolidated with his two co-defendants' appeals, and, on August 24, 2015, the Court of Appeals affirmed the convictions and sentences. *United States v. Collins*, 799 F.3d 554 (6th Cir.), *cert. denied*, 136 S. Ct. 601 (2015).

In June 2016, Wilburn filed his initial *pro se* motion to vacate his sentence under 28 U.S.C. § 2255. D.E. 808. The next month, he filed a motion to dismiss the § 2255 motion without prejudice (D.E. 815), which was granted (D.E. 818). On September 12, 2016 (the date of mailing), Wilburn filed the § 2255 motion now under consideration, accompanied by a memorandum. D.E. 827. Wilburn raises four issues:

- Ground One argues that Wilburn's due process rights were violated by the introduction of improper evidence at trial. *Id*. at 4.

- Ground Two argues that trial counsel was ineffective for failing to file a motion to sever and for failing to lodge objections at trial. *Id*. at 5.

- Grounds Three and Four constitute a single claim, that Wilburn's sentencing enhancement for being a career offender under USSG § 4B1.1 is invalid in light of the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Id*. at 6, 8; D.E. 827-1 at 3. Wilburn has withdrawn Ground Three. D.E. 869 at 2.

- Wilburn also argues that the newly amended version of USSG § 3B1.2's minor role reduction should apply to his sentence. D.E. 827-1 at 9.

The government filed two responses to Wilburn's § 2255 motion. The first responds to Grounds One, Three, and Four. D.E. 849. The government was given leave to file a supplemental response because it needed additional time to obtain an affidavit from Wilburn's trial counsel. D.E. 851. The supplemental response (D.E. 853) addresses Ground Two, and includes defense counsel James Hibbard's Declaration (D.E. 853-1). Wilburn filed a reply brief. D.E. 869.

Wilburn has also filed a motion for an evidentiary hearing and appointment of counsel. D.E. 859. That motion will be denied. Section 2255(b) provides that, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon[.]" *See also* Rule 8, Rules Governing Section 2255 Proceedings. Here, as will be explained below, no material facts are in dispute, and the record conclusively shows that Wilburn is entitled to no relief. Under Rule 8(c), "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent [the

petitioner]." The need for a hearing is what triggers the need for counsel. Because no hearing is warranted, Wilburn's motion for appointment of counsel will also be denied.

In January 2017, Wilburn moved to hold this matter in abeyance. D.E. 879. He withdrew that motion on March 30. D.E. 891.

## I.

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255. To prevail on a § 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

The Court recognizes that Defendant is proceeding *pro se*, without the assistance of an attorney. The Court construes *pro se* motions more leniently than other motions. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

To successfully assert an ineffective-assistance-of-counsel claim, a defendant must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). To prove deficient performance, a defendant must show "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Strickland*, 466 U.S. at 688. But "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

3

assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689 (internal quotations omitted).

In order to prove prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. When evaluating prejudice, courts generally must consider the "totality of the evidence." *Strickland*, 466 U.S. at 695. Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id.* at 697.

**II.**

The Court has already considered each of Wilburn's claims except for Ground Two and found them meritless. D.E. 846. Wilburn moved to obtain transcripts and discovery. D.E. 838. The Court noted at the time that to obtain transcripts without cost under 28 U.S.C. § 753(f), a defendant must show that his § 2255 motion is not frivolous. D.E. 846 at 1-2. In undertaking this analysis, the Court found that Ground One was frivolous. *Id*. at 2. This analysis still stands.

Ground One fails because its substance has been previously litigated. Ground One challenges the admission of trial evidence that overlapped with the Roscoe Smith conspiracy[1] and was "based upon false information" from a witness named Joseph Ore. D.E. 827 at 4. Wilburn's co-defendant Collins raised these evidentiary issues in the consolidated appeal, and the Court of Appeals found no reversible error. *United States v. Collins*, 799 F.3d 554, 568, 580-82, 587-88 (6th Cir.), *cert. denied*, 136 S. Ct. 601 (2015). A § 2255 petitioner is not entitled to

---

[1] *See United States v. Roscoe & Darlene Smith*, No. 6:11-CR-47-GFVT.

4

relitigate claims that were previously decided on direct appeal. *United States v. Gaus*, 751 F.2d 1506, 1507 (8th Cir. 1985). In his reply brief, Wilburn does not meaningfully address the fact that his claims concerning Ore's testimony and "spillover" evidence from the Smith trial were already addressed on appeal. Because they were previously litigated, they are not properly before this Court in Wilburn's § 2255 motion.

The Court notes that, in his § 2255 motion, Wilburn does not acknowledge that these claims were addressed on appeal. Instead, he appears to argue that Ground One was procedurally defaulted by failure to raise it on direct appeal, and that this procedural default should be excused because his appellate counsel was ineffective for failing to raise the issue. D.E. 827 at 4. Framing the issue in this manner, Wilburn could not overcome the procedural default because he cannot prove his appellate counsel was ineffective. Specifically, Wilburn cannot show prejudice because these very issues were raised by a co-defendant on appeal and rejected by the Sixth Circuit. Also, because the Sixth Circuit rejected the claims, the claims could not be "clearly stronger" than the ones Wilburn's counsel did raise—a necessary showing for finding deficient performance of appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 288 (2000); *Hutton v. Mitchell*, 839 F.3d 486, 501 (6th Cir. 2016); *Bourne v. Curtin*, 666 F.3d 411, 414 (6th Cir. 2012); *Hoffner v. Bradshaw*, 622 F.3d 487, 505-06 (6th Cir. 2010).

The Court also previously found Ground Four frivolous. D.E. 846 at 4. Wilburn argues in Ground Four that his "career offender" status is invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Supreme Court in *Johnson* invalidated the "residual clause" of the Armed Career Criminal Act's definition of "crime of violence" at 18 U.S.C. § 924(e)(1). *Id.* at 2557-58. However, the Supreme Court recently held that *Johnson*'s holding does not extend to the identically-worded residual clause of the Career Offender Guideline at USSG § 4B1.2(a)(2).

*Beckles v. United States*, 137 S. Ct. 886 (2017). In any event, Wilburn's career offender enhancement does not implicate the Career Offender residual clause because the conviction he challenges, a Kentucky conviction for second-degree assault, qualifies as a crime of violence under the use-of-force clause of USSG § 4B1.2(a)(1). Second-degree assault requires either the intentional infliction of physical injury or the wanton infliction of serious physical injury. KRS § 508.020. Each subsection of the statute includes as an element "the use, attempted use, or threatened use of physical force." *See United States v. Rhodes*, No. 2:09-CR-42-DLB-JGW, 2011 WL 3438888, at *4 (E.D. Ky. Aug. 5, 2011). Ground Four (like Ground Three, which Wilburn has withdrawn), is plainly meritless. To the extent that Wilburn argues that his counsel was ineffective for failing to challenge the sentencing enhancement (*see* D.E. 869 at 5), this argument likewise fails.

In the brief accompanying his § 2255 motion, Wilburn argues that an amendment to USSG § 3B1.2 ("Mitigating Role") should apply retroactively to his case. D.E. 827-1 at 9. The Court previously rejected this argument as frivolous. D.E. 846 at 4. The Sixth Circuit has determined that Amendment 794 indeed applies retroactively. *United States v. Carter*, No. 15-3618, 2016 WL 5682707, at *6 (6th Cir. Oct. 3, 2016) (adopting the reasoning of *United States v. Quintero-Layva*, 823 F.3d 519, 523 (9th Cir. 2016)). However, Guidelines amendments only apply retroactively to sentences that are not yet final; *i.e.*, sentences for which direct review has not yet concluded. See *Quintero-Leyva*, 823 F.3d at 524 ("Amendment 794 applies retroactively in direct appeals."); *Johnson v. United States*, No. 2:10-CR-185, 2016 WL 5242960, at *2 (S.D. Ohio Sept. 22, 2016) (finding that *Quintero-Leyva*'s holding is "simply inapplicable to . . . collateral proceedings under § 2255"). Because Wilburn's appeal has concluded, he cannot rely on Amendment 794.

"Moreover, claims involving errors in the application of the Sentencing Guidelines, which are non-constitutional errors, generally are not cognizable in an action under 28 U.S.C. § 2255." *Johnson*, 2016 WL 5242960, at *2. "[A]n error in the application of the Sentencing Guidelines does not warrant collateral relief under § 2255 absent a complete miscarriage of justice." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). This sentencing-error rule provides an alternative rationale for rejecting Wilburn's argument concerning the minor participant reduction.

### III.

What remains is Wilburn's ineffective-assistance claim in Ground Two. D.E. 827 at 5. He argues that trial counsel

> was ineffective by failing to file a motion to sever the petitioner from his other co-defendants at trial, which caused an unfair inference towards the petitioner by the jury decision. Counsel failed to object to numerous disparities upon testimony of the prosecution['s] witnesses, and other government witnesses. Counsel basically remained silent throughout the petitioner['s] trial by jury.

*Id*. Wilburn obtained trial transcripts in order to develop this claim. D.E. 860.

As a preliminary matter, the Court finds that no evidentiary hearing is needed to resolve this issue. There are no disputed issues of fact. Wilburn does not contest any statements contained in his counsel's Declaration. Every disagreement between Wilburn and his counsel's Declaration regarding severance is purely legal. Regarding the objections Wilburn believes his counsel should have lodged at trial, the facts are all contained in the trial transcripts. *See* D.E. 693 to 698.

Trial counsel's Declaration states:

> As to the motion to sever, we had no basis upon which to file such a motion. Fed. R. Cr. P. 8(b) provides that an indictment may charge 2 or more defendants if they are alleged to have participated in acts or transactions constituting an offense or offenses. The indictment herein reflects that Wilburn

and 7 of his co-defendants were named in drug conspiracy counts 1 and 2. D.E. 1. As they were alleged to have conspired together, a joint trial was appropriate. There were no separate criminal charges as to another defendant that would prejudice Wilburn. All charges in the indictment were directly related to the methamphetamine conspiracy in which they were charged.

D.E. 853-1 at 3 ¶ 5. The government offers no additional argument on the issue. Wilburn argues in his reply that "joinder was not appropriate" because there was insufficient proof of his participation in the conspiracy. D.E. 869 at 13-15.

A defendant may move to sever under Federal Rule of Criminal Procedure 14, but he bears the burden of establishing prejudice if the counts remain joined for trial. *United States v. Walden*, 985 F.2d 562 (6th Cir. 1993) (table).

> As a general rule, persons jointly indicted should be tried together because there is almost always common evidence against the joined defendants that allows for the economy of a single trial. Severance should be granted only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. The fact that a defendant may have a better chance at acquittal if his trial were severed does not require the judge to grant his motion[.]

*United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002) (citations and quotation marks omitted). "[A] defendant is not entitled to severance merely because the proof is greater against a co-defendant. And a spillover of evidence from one case to another generally does not require severance, unless Defendant can point to specific substantial, undue, or compelling prejudice." *United States v. Fields*, 763 F.3d 443, 457 (6th Cir. 2014) (citations and quotation marks omitted).

Wilburn does not point to any specific substantial, undue, or compelling prejudice resulting from the fact that he was tried with two co-defendants. Nor has he indicated a specific trial right that was violated by the joinder. He argues "there was no independent proof that he had participated in the same acts or transactions with any other of his alleged co-conspirators

other than his brother, and other life-long friends." D.E. 869 at 13. This assertion on the strength of the evidence is belied by the jury verdict, the validity of which was upheld on appeal. Essentially, Wilburn argues he was prejudiced by spillover evidence and that the proof was greater against his co-defendants—the type of argument that generally does not require severance. *Fields*, 763 F.3d at 457.

Wilburn argues that whatever proof there may have been beyond "guilt by association" was presented through "inadmissible" testimony by "co-conspirator declarants." *Id*. at 12-13. He relies on *United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979), which expounded on the co-conspirator exception to the hearsay rule, Federal Rule of Evidence 801(d)(2)(E). Wilburn does not identify any specific testimony he believes violated that rule. Instead, he appears to confuse direct testimony with hearsay testimony. *See* D.E. 869 at 13 ("The only link that the Government established was the testimony of some witnesses, whom in every case were co-conspirator declarants, and their testimony was inadmissible under Vinson."). Because Wilburn does not point to any specific testimony that violated this Rule, he fails to meet his burden under § 2255.

Wilburn's other argument under Ground Two is that counsel failed to object to certain testimony. He initially stated in his motion that counsel "failed to object to numerous disparities" in witness testimony and "basically remained silent" throughout the trial. D.E. 827 at 5. According to Wilburn's trial counsel, "that is simply not true." D.E. 853-1 at 3. Counsel states in his Declaration that he "conferred with counsel for the two other defendants" and either objected himself or allowed another counsel to object. *Id*. at 3-4.

> Most objections were addressed at the bench and I often would add comments in support of a defense objection. Wilburn clearly does not understand when "objections" are appropriate, suggesting that counsel should object every time one witness testifies to something differently than another witness did.

9

> Inconsistencies in testimony are emphasized in cross-examination and in closing arguments, not by way of objection.

*Id*. at 4. Wilburn concedes in his reply brief that his counsel "did raise objections at times" and "did cross-exam[ine] government witnesses." D.E. 869 at 9.

The government argues that because inconsistency is "not an objection authorized by the Federal Rules of Evidence," any such objections would be a frivolous. D.E. 853 at 3. Indeed, "*Strickland* does not require counsel to make meritless requests." *Bailey v. Smith*, 492 F. App'x 619, 627 (6th Cir. 2012). Further, the government notes that all government witnesses were cross-examined by the various counsel for the defendants, who "had a common interest" in disproving the drug conspiracy. D.E. 853 at 3. Finally, the government notes that Wilburn's counsel made the case in closing arguments that the witnesses' testimony was contradictory and vague. *Id*. at 4. The transcript backs this up. D.E. 703 at 163-67, 172-73.

The Court "must indulge a strong presumption that counsel's conduct . . . might be considered sound trial strategy." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Wilburn does not overcome that presumption, which means he has not proven deficient performance. Nor can he show prejudice in the sense that "the result of the proceeding would have been different," *id*. at 694, when, as here, three defense counsel worked together to cross-examine the government's witnesses and plead their similarly-situated clients' case in closing arguments.

Wilburn argues that the co-defendant whose counsel generally spoke "on behalf of all three" at trial received the lightest sentence, and speculates that he might "have benefitted" from having his own counsel take the lead. D.E. 869 at 8-9. This speculation does not meet Wilburn's burden of proving deficient performance or prejudice.

Wilburn also turns to the Sixth Circuit's lengthy opinion in this case and identifies six issues that the appellate court found to be unpreserved by the three defense counsel. *Id*. at 9-10.

He points out that because these issues were unpreserved they were subject to plain error review on appeal. *Id*. at 10. Assuming that trial counsel's failure to preserve an issue for appeal may constitute ineffective assistance, Wilburn offers no argument that any of these six specific issues, had they been preserved, would have changed the result of the appeal. His vague claim that these failures to preserve certain issues "prejudiced [his] direct appeal" fails to meaningfully address the *Strickland* standard.

> Additionally:
>
> The Eleventh Circuit recently stated: "When a claim of ineffective assistance is based on a failure to object to an error committed by the district court, that underlying error must at least satisfy the standard for prejudice that we employ in our review for plain error." *Gordon v. United States,* 518 F.3d 1291, 1298 (11th Cir. 2008). Other courts have echoed that posture, characterizing "[t]he standard for prejudice under *Strickland* [as] virtually identical to the showing required to establish that a defendant's substantial rights were affected under plain error analysis." *See, e.g., United States v. Becht*, 403 F.3d 541, 549 (8th Cir. 2005); *United States v. Williams*, 358 F.3d 956, 967 (D.C. Cir. 2004) (rejecting claim under *Strickland* prejudice prong based on failure to satisfy plain error and describing analyses as analogous).

*United States v. Arnold*, No. 6:08-CR-7010-DCR-REW, 2008 WL 4951597, at *6 (E.D. Ky. Oct. 20, 2008), *report and recommendation adopted in part*, 2008 WL 4951791 (E.D. Ky. Nov. 18, 2008). Applying this standard, because the Sixth Circuit has already rejected the underlying claims under plain error review, the defense attorneys' failures to object cannot support a claim of ineffective assistance.

Wilburn submits a list of snippets of witness testimony and argues that the testimony failed to provide sufficient evidence of his participation in the conspiracy and the amount of drugs attributable to him. D.E. 869 at 10-13. He faults his counsel for "not objecting to the manner in which the government was being permitted to question its witnesses." *Id*. at 10. However, particularly in light of the presumption that counsel followed sound trial strategy,

Wilburn fails to show that his counsel's trial strategy was deficient for failing to encourage the government's witnesses to testify with greater precision. Forcing the witness to supply exact dates for various events could very well have backfired. In fact, the ambiguities in the government witnesses' testimony is a weakness that defense counsel attempted to exploit in closing arguments. *See* D.E. 703 at 163-73.

In short, Wilburn has not overcome the presumption that his trial counsel provided reasonable assistance and executed a trial strategy in accordance with professional norms. The facts are not at issue, and his *Strickland* claim fails.

## IV.

Because Wilburn's § 2255 motion is meritless, the undersigned **RECOMMENDS** that the motion be **DENIED** and that **no Certificate of Appealability should issue.**

A Certificate of Appealability may issue where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a § 2255 petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003) (discussing the development of the standard). Here, Ground One has been previously determined by the Sixth Circuit. Ground Four and the minor participant argument are legally foreclosed. Wilburn has withdrawn Ground Three. As for Ground Two, Wilburn falls far short of proving ineffective assistance of trial counsel. Thus, no Certificate of Appealability should issue.

Finally, **IT IS HEREBY ORDERED THAT** Wilburn's motion for an evidentiary hearing and appointment of counsel (D.E. 859) is **DENIED.**

Any objection to, or argument against, dismissal must be asserted properly and in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 12th day of May, 2017.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge