UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 6:11-cr-15-GFVT-HAI-2 |
| Plaintiff/Respondent, | ) | |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| EDDIE RAY WILBURN, | ) | **ORDER** |
| | ) | |
| Defendant/Movant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon Eddie Ray Wilburn's *pro se* petition to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. [R. 827.] Consistent with local practice, this matter was referred to Magistrate Judge Hanly A. Ingram, who filed a Recommended Disposition recommending that Wilburn's motion be denied. [R. 909.]

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the Recommended Disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Wilburn filed a number of timely and specific objections to the Recommendation, particularly when reviewing his filings under the more lenient standard applied to *pro se* petitioners. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985); [R. 915.] Under this more lenient construction, Wilburn's objections are sufficiently definite to trigger this Court's obligation to conduct a *de novo* review. *See* U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, and applicable procedural rules. For the following reasons, Wilburn's objections will be OVERRULED.

**I**

Judge Ingram's Recommended Disposition accurately sets forth the factual and procedural background of the case, as well as the applicable standard of review for granting habeas relief pursuant to 28 U.S.C. § 2255. [*See* R. 909 at 1-4.] In June 2012, Eddie Ray Wilburn proceeded to trial and was found guilty by a federal jury of conspiring to manufacture and distribute methamphetamine, along with possessing equipment to manufacture controlled substances. [*See* R. 504; R. 659.] Wilburn and two of his co-defendants appealed, but the Sixth Circuit ultimately affirmed their convictions and sentences. *See United States v. Collins*, 799 F.3d 554 (6th Cir.), *cert. denied*, 136 S. Ct. 601 (2015). Wilburn now seeks habeas relief and, as explained above, the Court performs a *de novo* review of the legitimacy of his § 2255 petition.

**II**

Mr. Wilburn's initial § 2255 petition presented four main issues for Judge Ingram to analyze: the introduction of improper evidence at trial; a *Johnson* claim; a request for relief pursuant to Amendment 794 to the Sentencing Guidelines; and ineffective assistance of trial counsel based on a number of grounds. [*See* R. 827; R. 909.] Wilburn does not appear to take

issue with Judge Ingram's analysis of the first ground, which was already litigated before the Sixth Circuit, in his objections. [*See* R. 915.] Conversely, Wilburn does address the other three grounds in his objections, and the Court considers those issues below, respectively.

**A**

In Wilburn's initial habeas motion, he contends his "career offender" status is invalid in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act's "crime of violence" definition. But, as the Supreme Court has now clarified, the *Johnson* decision did not invalidate the identically-worded residual clause of the United States Sentencing Guidelines, under which Wilburn was classified as a career offender. *See Beckles v. United States*, 137 S. Ct. 886 (2017). Judge Ingram detailed why Wilburn's Kentucky conviction for second-degree assault properly qualifies as a crime of violence under either the residual clause or the use of force clause in U.S.S.G. § 4B1.2(a) [*see* R. 909 at 6], and, in Wilburn's objections, he does not seem to dispute Judge Ingram's analysis. Instead, Wilburn maintains both his trial and appellate counsel were ineffective because they "failed to investigate the underlying facts" of that charge to "discover[ ] the circumstances of that offense." [R. 915 at 1-2.]

It is clear from Wilburn's objections that he does not believe he committed the crime of assault, but that is beside the point. Petitioners are not entitled to assert new arguments in their objections to a Magistrate's Recommended Disposition. *See, e.g.*, *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000); *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998). Wilburn did not raise this argument regarding ineffective assistance of counsel as it relates to his career offender status in his initial petition, so, even under *de novo* review, the Court is not required to consider the issue. [*See* R. 827-1 at 3-8.] The Court reiterates that Judge Ingram

accurately detailed why the Kentucky assault conviction qualifies as a predicate offense under either the residual clause or the use of force clause, and the Court overrules Wilburn's objection to his career offender classification.

**B**

Mr. Wilburn also contends Amendment 794 to United States Sentencing Guideline § 3B1.2 applies to his case, and he takes issue with Judge Ingram's reasoning as to whether a § 2255 petition is the proper vehicle for asserting such a claim for relief. [R. 915 at 2-3.] Unfortunately for Wilburn, Judge Ingram's Recommended Disposition contains an accurate rendition of the law on the matter.

Initially, the Court points out that Wilburn's request for relief under Amendment 794 may be better construed as a motion for a sentence reduction under 18 U.S.C. § 3582(c). *See, e.g., United States v. McDonald*, 326 F. App'x 880, 882 (6th Cir. 2009) (noting a *pro se* defendant's post-conviction filings may be liberally construed, both for the sake of efficiency and out of fairness). While § 2255 petitions allow a petitioner to move to vacate or set aside his conviction on the whole, § 3582(c) proceedings are the mechanism a petitioner should use to seek a sentence *reduction* pursuant to a Guideline amendment. *See, e.g.*, U.S.S.G. §1B1.10(a)(1) ("In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).").

Nevertheless, even so construed, Wilburn's request for Amendment 794 relief would be denied. The Sixth Circuit has clarified that the only Sentencing Guideline amendments which provide relief in a § 3582(c)(2) resentencing are those which are listed in United States

Sentencing Guidelines §1B1.10. *United States v. Goodloe*, 388 F. App'x 500, 506 (6th Cir. 2010); *see also United States v. Watkins*, 655 F. App'x 478, 479 (6th Cir. 2016) ("If no amendment listed in §1B1.10(d) lowers the defendant's 'applicable guideline range,' then a sentence reduction is inconsistent with §1B1.10 and, therefore, not authorized by § 3582(c)(2)."); U.S.S.G. §1B1.10(a)(2)(A). Amendment 794 is not listed in United States Sentencing Guidelines §1B1.10(d). *See* U.S.S.G. §1B1.10(d). Therefore, granting a sentence reduction in light of the amendment is impermissible. And, as Judge Ingram made clear, the amendment applies retroactively only on direct appeals and not in collateral proceedings under § 2255. [*See* R. 909 at 6 (citing *Johnson v. United States*, No. 2:10-cr-185, 2016 WL 5242960, at *2 (S.D. Ohio, Sept. 22, 2016).]

Wilburn suggests that a § 2255 petition may be an appropriate vehicle for an Amendment 794 claim in order to avoid a "complete miscarriage of justice." *See Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). But, even if this is the case, Wilburn has not explained why his situation is unique from the numerous other defendants who are denied Amendment 794 relief in habeas proceedings. This objection should, ultimately, also be overruled.

### C

Mr. Wilburn next objects to Judge Ingram's determination that defense counsel was not ineffective for failing to move for severance. [R. 915 at 3-5.] Wilburn has repeatedly maintained that he should have been severed from his co-defendants at trial because, in his opinion, certain evidence admitted against other defendants negatively impacted him. However, where multiple defendants are jointly charged in the same criminal proceeding, there is a strong presumption in favor of trying the co-defendants together. *See, e.g.*, *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Wilburn has not explained how his case overcomes the presumption in

5

favor of a joint trial, except to note examples of evidence he feels was detrimental to his defense. [*See, e.g.*, R. 915 at 4.]

As Judge Ingram noted, the Sixth Circuit has made clear that "a defendant is not entitled to severance merely because the proof is greater against a co-defendant. And a spillover of evidence from one case to another generally does not require severance, unless Defendant can point to specific substantial, undue, or compelling prejudice." *United States v. Fields*, 763 F.3d 443, 457 (6th Cir. 2014) (internal quotation marks and citations omitted). To the extent certain evidence related more strongly to Wilburn's co-defendants than it did to his own case, his attorney was still not required to move for a severance. "A request for severance should be denied if a jury can properly compartmentalize the evidence as it relates to the appropriate defendants." *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987). Further, "juries are presumed capable of following instructions regarding the sorting of evidence and the separate consideration of multiple defendants." *United States v. Mays*, 69 F.3d 116, 120 (6th Cir. 1995). In Wilburn's case, the jury was specifically instructed to separately consider the evidence against each defendant on each charge, thus mitigating the potentially negative effects of any spillover evidence that did come before the jury. [R. 501 at 13.]

In the end, nothing in the record suggests Wilburn's case was the unique one where a motion to sever would have been granted. Because defense attorneys are not required to make meritless requests, *see Bailey v. Smith*, 492 F. App'x 619, 627 (6th Cir. 2012), the Court finds counsel was not ineffective for failing to move for a severance and overrules Wilburn's objection on the issue.

6

## D

Finally, Mr. Wilburn maintains defense counsel was ineffective in the manner through which he challenged (or, allegedly failed to challenge) the amount of drugs attributed to Wilburn throughout the trial testimony. According to Wilburn, counsel should have "demand[ed] the Government witnesses to specify" the dates of certain drug transactions. [R. 915 at 5.] Wilburn clearly wishes his attorney had asked different questions during cross-examination and objected more frequently. [*Id.*; R. 827 at 5.] But this after-the-fact desire does not render defense counsel's performance deficient, nor does it prove the prejudice required under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

As for counsel's failure to object, "not drawing attention to [a] statement may be perfectly sound from a tactical standpoint." *United States v. Caver*, 470 F.3d 220, 244 (6th Cir. 2006). To support an ineffective assistance of counsel claim, "defense counsel must so consistently fail to use objections, despite numerous and clear reasons for doing so, that counsel's failure cannot reasonably have been said to have been part of a trial strategy or tactical choice." *Lundgren v. Mitchell*, 440 F.3d 754, 774-75 (6th Cir. 2006); *see also Schauer v. McKee*, 401 F. App'x 97 (6th Cir. 2010) (discussing same). And as for counsel's failure to ask certain questions Wilburn would have preferred he ask, the Court, like Judge Ingram, finds nothing to suggest counsel's cross-examination strategy fell outside the realm of "an objective standard of reasonableness" in light of "prevailing professional norms." See Strickland, 466 U.S. at 688. This ineffective assistance of counsel objection also provides Wilburn with no grounds for habeas relief.

**III**

In conclusion, after reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Ingram's analysis of Wilburn's claims. The Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. Under Rule 11 of the Federal Rules Governing § 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . ." Rules Governing Section 2255 Proceedings, Rule 11. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484; *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the Court believes that this Order, which adopts and incorporates by reference the Magistrate Judge's Recommended Disposition, is not debatable enough to issue a certificate of appealability. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Defendant's Objections to the Magistrate's Recommended Disposition [R. 915] are **OVERRULED**;

2. The Magistrate Judge's Recommended Disposition [R. 909] is **ADOPTED** as and for the opinion of this Court;

3. The Defendant's § 2255 Petition [R. 827] is **DISMISSED WITH PREJUDICE**;

4. A Certificate of Appealability is **DENIED** as to all issues raised by Mr. Wilburn; and

5. **JUDGMENT** in favor of the United States will be entered contemporaneously

herewith.

This the 26th day of June, 2017.

Gregory F. Van Tatenhove
United States District Judge